UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| FRANK D. FOURNIER, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| v. | ) | 1:14-CV-00351-JAW |
| PAUL LEPAGE, et al., | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION

In this action, Plaintiff Frank D. Fournier, proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983, based on his contention that he remains in custody despite the fact that he was to be released in June 2010. (Compl., ECF No. 1, at 3, ¶ IV.) The matter is before the Court on Plaintiff's three motions to "expedite immediate release" (ECF Nos. 17 – 19), Plaintiff's motion for writ of habeas corpus ad testificandum (ECF No. 23), and Defendants' Motion to Dismiss (ECF Nos. 26 & 30).[1]

As explained below, following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court grant Defendants' Motion to Dismiss, which would moot Plaintiff's motions for expedited release and Plaintiff's motion for a writ of habeas corpus ad testificandum. Additionally, the recommendation is that the Court grant Plaintiff an opportunity to file an amended pleading to assert his habeas claim on the proper form, if Plaintiff determines that such a filing is appropriate.[2]

---

[1] The Court referred the motions for report and recommended decision.

[2] As explained in this Recommended Decision, Plaintiff's prospective habeas petition may be subject to dismissal at a later date, particularly if he has failed to exhaust state remedies.

## BACKGROUND

In March 1988, the Maine Superior Court sentenced Plaintiff to 50 years in prison following a conviction of murder. (PageID # 5.) The Superior Court also sentenced Plaintiff to five years concurrent on a conviction for the illegal possession (as a felon) of a firearm. (*Id.*) On appeal, the Maine Supreme Judicial Court affirmed the convictions. *State v. Fournier*, 554 A.2d 1184 (Me. 1989).

According to Plaintiff, the proper application of Maine good time law should have resulted in his release in June 2010. (PageID # 3.) Plaintiff also alleges that Defendants (1) have converted his concurrent sentences into consecutive sentences, (2) have inserted and refused to remove false information in his classification files, and (3) improperly changed the method of calculating good time in 1994, which change resulted in the loss of more than 2000 days of good time credit. (PageID # 6.) Although he initially requested an award of money damages (PageID # 4), in a subsequent filing, Plaintiff represented that he intended to withdraw the request for damages and seek only "an entry of an ORDER instructing IMMEDIATE RELEASE." (ECF No. 9, PageID # 49.) Plaintiff also appears to request summary judgment in his favor based on his current filings. (PageID # 12.)[3]

Citing the federal Declaratory Judgments Act, 28 U.S.C. § 2201, Plaintiff has filed three motions to "expedite immediate release by default." (ECF Nos. 17 – 19.) Plaintiff asserts that a review of "the 1983 sentencing code of laws," and basic math, make it clear that he "will win on the merits of the case." (PageID ## 59, 68.) Defendants oppose the motions, which Defendants have interpreted as a motion for entry of judgment by default. (Responses to Motions for

---

[3] Plaintiff has attempted to prosecute his claim in state court. The result of his state court effort, however, is uncertain. (Docket sheet, Cumberland Cnty. Sup. Ct., PageID # 15; Order, Cumberland Cnty. Sup. Ct., PageID # 17; Order, Supreme Judicial Ct., PageID ## 18-20; correspondence with state court clerks, PageID ## 23-27.) Moreover, it is difficult to determine if Plaintiff pursued the proper remedies in state court.

Immediate Release, ECF No. 20.) A review of the docket reveals no grounds to support the entry of default.

On December 4, 2014, Plaintiff filed a motion requesting that he be transported to the courthouse to testify in support of his action. (Draft Writ of Habeas Corpus Ad Testificandum, ECF No. 23.) In connection with that filing, Plaintiff asserts that the warden at the prison is responsible for due process violations and has failed to conduct a reasonable investigation into Plaintiff's claims. Plaintiff argues that "the court should grant partial summary judgment on liability to the plaintiff on his due process claims," with damages to be determined at trial. (PageID # 82.)

On December 23, 2014, Defendants filed their Motion to Dismiss[4] (ECF No. 26).[5] As part of his opposition to the motion, Plaintiff filed documents which suggest that as of April 7, 2010, the Maine Department of Corrections calculated his release date as February 7, 2019 (PageID # 118), and that, as of April 29, 2014, the release date calculated by the Department was November 5, 2018 (PageID # 119).

On January 29, 2015, Plaintiff filed a letter that the court characterized as Plaintiff's Sur-Reply to Defendants' Motion to Dismiss. (ECF No. 31.) In his Sur-Reply, Plaintiff asserted that new evidence has come to his attention that false statements were introduced against him at his 1987 trial.[6]

---

[4] Defendant Joseph Ponte joined the motion following his receipt of service. (Joinder in Motion, ECF No. 30.)

[5] In their motion, Defendants also assert additional opposition to Plaintiff's requests for immediate release and his request for a writ of habeas corpus ad testificandum. (ECF No. 27.)

[6] On January 6, 2015, the Court docketed the Judgment of the Court of Appeals, entered on pleadings that Plaintiff filed in that Court. The Judgment does not address the appropriateness of the current proceedings. Instead, the Court of Appeals dismissed Plaintiff's filing because it was presented as an appeal and this Court had not issued any appealable orders and because the Court of Appeals did not have jurisdiction to review any ruling by the state courts. (ECF No. 28.)

**DISCUSSION**

Through their Motion to Dismiss, Defendants argue that Plaintiff's Fourteenth Amendment due process claim, which he asserts pursuant to 42 U.S.C. § 1983, must be dismissed because Plaintiff's primary contention, *i.e.*, that he has been unlawfully detained beginning June 2010, must be established in a habeas corpus proceeding before Plaintiff can obtain relief in a § 1983 action. (Motion to Dismiss at 3-4.)

**A.**     **Habeas Corpus as the Exclusive Initial Remedy**

In *Preiser v. Rodriguez*, 411 U.S. 475, 476-77 (1973), the Supreme Court considered whether state prisoners seeking to compel restoration of good-time credits, which restoration would result in the immediate release from prison, can pursue such relief under the Civil Rights Act, 42 U.S.C. § 1983, or must, instead, pursue habeas corpus relief.[7] The Court concluded that where state prisoners allege "that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal physical confinement," the allegations are "squarely within th[e] traditional scope of habeas corpus." *Id.* at 487. The Court further determined that "the specific federal habeas corpus statute, explicitly and historically designed to provide the means for a state prisoner to attack the validity of his confinement, must be understood to be the exclusive remedy available in a situation like this where it so clearly applies." *Id.* at 489. "In short," the Supreme Court held that Congress "determined that habeas corpus is the appropriate remedy for

---

[7] The Supreme Court granted certiorari to consider the situation "where state prisoners have challenged the actual duration of their confinement on the ground that they have been unconstitutionally deprived of good-conduct-time credits, and where restoration of those credits would result in their immediate release from prison or in shortening the length of their confinement." *Preiser*, 411 U.S. at 482. That situation is precisely the situation alleged in Plaintiff's pleadings.

state prisoners attacking the validity of the fact *or length of* their confinement, and that specific determination must override the general terms of § 1983." *Id.* at 490 (emphasis added).[8]

Accordingly, to request, pursuant to § 1983, his immediate release from prison based on an alleged deprivation of statutory good-time credit, Plaintiff must first successfully challenge the State's sentence calculation, either through a state proceeding or through a federal habeas proceeding. *Id.*; *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has not alleged, nor does the record otherwise reflect, that Plaintiff has satisfied that prerequisite.

**B.     Availability of an Amendment to Assert a Habeas Claim**

A prisoner who mistakenly files a habeas matter as a § 1983 claim can request leave to amend to assert the habeas claim. *Cassell v. Osborn*, 23 F.3d 394, 1994 WL 159424, n.5 (1st Cir. 1994) (unpublished per curiam opinion) ("[W]hen a plaintiff is given an opportunity to amend habeas claims mistakenly brought under § 1983, it is advisable to require him to replead his habeas claims on a form petition. [T]he form petition assists both the petitioner and the court by guiding the petitioner toward an orderly statement of claims, and the status of the state proceedings.") (citation omitted).

---

[8] *See also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (explaining that a suit seeking an injunction ordering immediate or speedier release is subject to the holding of *Preiser*, but a claim challenging state procedures used to deny parole eligibility or suitability may be brought under § 1983 if the validity of the plaintiff's conviction or sentence is not challenged and success will not result in immediate or speedier release); *Muhammad v. Close*, 540 U.S. 749, 755, (2004) (recognizing a due process claim under § 1983 where the challenged disciplinary proceeding did not implicate good-time credit and therefore did not seek "a judgment at odds with … the State's calculation of time to be served"); *Edwards v. Balisok*, 520 U.S. 641 (1997) (rejecting the argument that a due process challenge to the procedure used to deprive a prisoner's good-time credits is cognizable under § 1983, even if declaratory relief and damages are the only relief requested); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, "in order to recover damages for allegedly unconstitutional … imprisonment, … a § 1983 plaintiff must prove that the … sentence has been … declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

5

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the federal habeas statute restricts the ability of prisoners to bring a "second or successive" habeas claim:

> (b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless
>
>> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).  The First Circuit Court of Appeals has explained that "AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward."  *Pratt v. United States,* 129 F.3d 54, 57 (1st Cir. 1997).

A review of the Court's docket reflects that in both case number 1:93-cv-00221 and case number 1:96-cv-00285, Plaintiff previously filed a habeas action regarding his conviction.  In case number 1:93-cv-00221, the Court disposed of a prior habeas claim that was based on the same conviction.  The Court's disposition was on the merits of the motion.  Because Plaintiff challenged

the constitutionality of his conviction, the claim plainly was asserted in accordance with section 2254. He did not, however, raise any issue regarding the execution of his sentence in his 1993 habeas petition.

In case number 1:96-cv-00285, the docket identified the cause of action as a prisoner civil rights claim, but the nature of the suit is described as habeas corpus. Although the actual file is unavailable for review,[9] according to the docket, the Court screened and dismissed the case without service on the defendant. In other words, the record does not establish that this Court addressed on the merits any claim by Plaintiff related to the computation of his good-time credits.

As asserted, Plaintiff's current challenge is to the execution of his sentence. Preliminarily, therefore, the issue is whether a new habeas claim challenging the execution of Plaintiff's sentence would present a second or successive petition "*under section 2254.*" *Id.* § 2244(b)(2) (emphasis added).[10] A panel of the First Circuit Court of Appeals determined that a state prisoner must resort to § 2254 and cannot avoid the restrictions related to second or successive petitions by proceeding under § 2241. *Brennan v. Wall*, 100 Fed. App'x 4, 4-5 (1st Cir. 2004) (unpublished per curiam opinion).[11] Plaintiff's prospective habeas claim thus falls under § 2254, and this Court must

---

[9] An attempt has been made to retrieve the case file from the Federal Records Center archives, but the Records Center reports that the file is not available. The Court has not located the paper file among its own paper case records.

[10] If Plaintiff were a federal prisoner, his habeas claim would arise under section 2241 of the habeas statute rather than section 2255. *See, e.g., Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) ("A petitioner seeking to challenge the legality of the *imposition* of a sentence by a court may therefore make a claim pursuant to Section 2255. A challenge to the *execution* of a sentence, however, is properly filed pursuant to Section 2241.") (emphasis in original) (citation omitted).

[11] Other jurisdictions are in conflict on the issue. *Compare, e.g., Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle for challenging pretrial detention, or for attacking the execution of a sentence. A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence.") (citation omitted) *and In re Slatton,* 165 F.3d 28 (6th Cir. 1998) (unpublished) (concluding that the Court of Appeals lacked jurisdiction under § 2244(b) because petitioner's habeas claim was best understood as arising under § 2241 rather than § 2254); *with Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (collecting cases); *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *and Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001) (holding that state prisoners cannot bypass § 2244 by resorting to § 2241, even if the challenge concerns the execution of a sentence).

consider whether it would amount to a "second or successive" claim. 28 U.S.C. § 2244(b). If Plaintiff's claim is a second or successive habeas claim, Plaintiff must obtain leave from the First Circuit Court of Appeals before filing a habeas petition in this Court. *Id.* § 2244(b)(3)(A); *see also* First Circuit Rulebook, Local Rule 22.1.

Plaintiff's prospective habeas claim under § 2254 is only "second or successive" if it would present a claim that could have been presented, but was not presented, in his prior petitions. *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003). As explained in *Singleton*, the use of "second or successive" in § 2244(b) incorporates preexisting common law doctrine related to "abuse of the writ." *Id.*; *see also U.S. v. Barrett*, 178 F.3d 34, 43-44 (1st Cir. 1999). Under this doctrine, "a habeas petition raising a claim that had not arisen at the time of a previous petition is not barred by § 2244(b) or as an abuse of the writ." *Singleton*, 319 F.3d at 1023 (citing *In re Cain,* 137 F.3d 234, 236-37 (5th Cir.1998)).[12] Additionally, even if the claim was presented in a prior petition, if the District Court dismissed it on grounds other than the merits, generally it may be asserted again without succumbing to the bar against second or successive petitions. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000); *Barrett*, 178 F.3d at 43-45; *Dickinson v. State of Me.*, 101 F.3d 791 (1st Cir. 1996) (per curiam).

Based on the record currently before the Court, it is not apparent that Plaintiff's claim would constitute a second or successive petition. Plaintiff's effort to challenge the (re)calculation of his sentence appears to have started in or around 2002. (PageID # 120.) The record also

---

[12] Section 2244(b)(3)(A) imposes the requirement of authorization from the Court of Appeals only if the second or successive petition is one that is "permitted by this section." Plaintiff's petition could not meet the statutory requirements for permission, however, because it would not rely on a new rule of constitutional law, and would not *both* rely on a new factual predicate *and* demonstrate that no reasonable factfinder would have found him guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A), (B). It would be strange to require authorization from the First Circuit in this case because Plaintiff could not meet any of the conditions that would permit a successive filing under subsection (b)(2). This fact reinforces the conclusion that Plaintiff's claim is not a second or successive claim.

suggests that certain unfavorable administrative determinations may have occurred as recently as 2011 and 2012. (PageID ## 121, 123.) Although Plaintiff's initial effort to contest certain components of the Department's release date calculation arose even earlier (PageID # 136), the record does not conclusively establish that Plaintiff's claim was ripe when he presented his first habeas petition in 1993.[13] In other words, the record does not establish that Plaintiff has previously had a suitable opportunity to present the instant claim in a habeas petition. The recommendation, therefore, is that upon dismissal of the section 1983 claim, the Court permit Plaintiff the opportunity to amend his cause of action to file a habeas petition on the appropriate form (Form AO 241) if he determines that such a petition is appropriate.[14] *Cassell*, 23 F.3d 394, 1994 WL 159424, n.5. When deciding whether to file a habeas petition, Plaintiff should consider whether he has exhausted his state-provided remedies.[15] If Petitioner has not exhausted the state remedies, any habeas petition filed in this Court would be subject to summary dismissal for failure to exhaust.[16] 28 U.S.C. § 2254(b)(1).

---

[13] According to one document filed by Plaintiff, his present claim has roots in amendments made to Maine's system of good time credits in 1995. (PageID # 130.)

[14] Form AO 241 is the form habeas petition for a claim under § 2254. Form AO 242 is the form habeas petition for a claim arising under § 2241. According to the instructions page of the § 2254 form, it is to be used by a person "currently serving a sentence under a judgment against [him] in a state court" if he is "asking for relief from the conviction or the sentence." According to the instructions page of the § 2241 form, it is to be used by a prisoner in state custody "because of something other than a judgment of conviction" and should not be used by a state prisoner who is "challenging the validity of a state judgment of conviction and sentence." Based on *Brennan v. Wall*, 100 Fed. App'x 4, 4-5 (1st Cir. 2004), form AO 241 would be an appropriate form.

[15] An order permitting Plaintiff to assert his habeas claim on the proper form does not prevent the defendant (the state officer having custody of Plaintiff) from advancing further defenses to the petition. *See* Rule 5(b) Rules Governing Section 2254 Cases in the United States District Courts. Such defenses might include an abuse of the writ defense, which defense, if established on the record, might require a transfer of the claim to the First Circuit Court of Appeals pursuant to First Circuit Rulebook, Local Rule 22.1(e), notwithstanding the instant assessment of the second or successive issue. Based on Defendants' Motion to Dismiss, the defendant in any habeas corpus action is likely to assert the statute of limitation as a defense, presumably based on 28 U.S.C. § 2244(d). (Motion to Dismiss at 5 n.6.) Because this argument is not developed in the current filings, the issue is not addressed and this Recommended Decision shall not be construed to comment upon the merit of any statute of limitation defense that might be asserted.

[16] As to state remedies, the Maine Supreme Judicial Court has noted:

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court (1) grant Defendants' Motion to Dismiss (ECF Nos. 26, 30), (2) declare moot Plaintiff's motions for immediate release (ECF Nos. 17 – 19), (3) declare moot Plaintiff's motion for writ of habeas corpus ad testificandum (ECF No. 23), and (4) grant Petitioner the opportunity within a reasonable period of time to assert a claim on the § 2254 habeas corpus form petition.[17]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of February, 2015.

---

In 2012, the Legislature excluded "calculations of good time and meritorious good time credits pursuant to Title 17–A, section 1253, subsections 3, 3–B, 4, 5 and 7 or similar deductions under Title 17–A, section 1253, subsections 8, 9 and 10" from the definition of a "post-sentencing proceeding" cognizable on post-conviction review. P.L. 2011, ch. 601, § 3 (effective Aug. 30, 2012) (codified at 15 M.R.S. § 2121(2) (2012)). Accordingly, inmates who wish to pursue good time challenges must now do so through review in the Superior Court pursuant to M.R. Civ. P. 80C after exhausting the DOC grievance process; they may not do so through a petition for post-conviction review. *See Raynes v. Dep't of Corr.,* 2010 ME 100, ¶¶ 7, 11, 5 A.3d 1038.

*Roderick v. State*, 2013 ME 34, 79 A.3d 368, 370 n.2.

[17] If Plaintiff determines that he has exhausted his appropriate state remedies, and elects to file a habeas petition, he is advised that the only appropriate defendant/respondent is "the state officer who has custody." Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts.